IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD COLLINS,

    Petitioner,                    No. CIV S-04-2049 MCE EFB P

    vs.

STATE OF CALIFORNIA, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter is currently before the court on respondent's motion to dismiss the petition for failure to exhaust state remedies.

**I.  Procedural History**

       Petitioner was convicted of two counts of second-degree murder on October 20, 1983. He was sentenced to 15 years to life in prison with a two-year weapons enhancement.  Petitioner was found suitable for parole by the Board of Prison Terms (now the Board of Parole Hearings) on August 15, 2003.  However, on review of that decision, pursuant to California Penal Code section 3041.2., the governor reversed the decision on January 12, 2004.  The Board again found petitioner suitable for parole on March 13, 2004.  The governor reversed that decision on March 25, 2004.  Petitioner sought relief in state court by filing a petition for a writ of habeas corpus

1

with the Sacramento County Superior Court on April 9, 2004. That court transferred the matter on May 27, 2004, to the Los Angeles County Superior Court, as that is the court of petitioner's conviction. Petitioner then sought habeas relief in Division 5 of the Second District Court for the California Court of Appeal, which was denied on July 15, 2004. The California Supreme Court denied review on September 15, 2004. Petitioner filed the present action on September 29, 2004. **II. Exhaustion Standard**

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986).

The state court has had an opportunity to consider claims when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. *Picard*, 404 U.S. at 277 - 78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152 (1996).

Respondent moves to dismiss for failure to exhaust on the basis that, in petitioner's present petition, he alleges that "the Governor violated his federal due process rights when he reversed parole," although in his state petitions he alleged that the Board of Prison Terms violated his federal right to due process by requiring him to once again be found suitable for parole.

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Petitioner alleged in this petition a claim different from that presented to the state courts, insofar as the actor alleged to have caused the deprivation of due process is the governor in the instant petition and the Board of Prison Terms in the state petitions. *See* Resp.'s Mot. to Dism., Exs. 1, 2. Petitioner's federal claims have not been presented to the California Supreme Court. Accordingly, respondent's motion to dismiss should be granted and the petition should be dismissed without prejudice.[2] *See Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)) (holding that a petition must be dismissed if state remedies have not been exhausted as to any of the federal claims).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's June 6, 2006, motion to dismiss be granted; and

2. This action be dismissed for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1 with the court and serve a copy on all parties. Such a document should be captioned "Objections
2 to Magistrate Judge's Findings and Recommendations." Failure to file objections within the
3 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
4 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
5 Date:   March 8, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE